New v. Bame.

---

## New v. Bame.

An answer stated the execution and delivery of an assignment in trust for creditors, and referring to the instrument, averred that a copy of it was set forth in a schedule annexed, to which the defendant referred as a part of his answer. The answer then stated the recording of the instrument on the day of its date, and mentioned the book in which it was recorded. The schedule contained the assignment at length, acknowledged before a commissioner of deeds.

*Held,* that the deed might be read at the hearing, under these allegations.

Albany, January 14th, 1846.

THIS was a judgment creditor's suit, which was heard on the pleadings and proofs. The answer, among other things, stated that on, &c., the defendant executed and delivered to W. A. D., an assignment of all his real and personal property, except such as by law was exempt from execution, in trust for the payment of his debts ratably, &c.; "as by reference to the said assignment will more fully and at large appear, a copy whereof is hereunto annexed, marked A., and to which this defendant begs leave to refer; and that the same may be accepted and taken as a part of his answer; and which said assignment was accepted by the said W. A. D., and on the day of its date, was recorded in the office of the clerk of the county of Columbia, in book F. F. of deeds; as by the certificate of the clerk thereon indorsed, will also appear."

The complainant objected to the reading of this deed in evidence, under the statement in the answer.

The other matters involved, were of no general interest.

*J. C. Newkirk,* for the complainant.

*K. Miller,* for the defendant.

THE ASSISTANT VICE-CHANCELLOR, decided that the assignment was so far set out, or distinctly referred to, in the answer, as to enable the defendant to read it at the hearing, under the seventy-fifth rule of the court. That the answer and schedule together, stated it as a deed duly acknowledged and recorded.

A decree was made for the complainant.